UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HANS A. QUAAK, ATTILIO PO and KARL LEIBINGER, on behalf of themselves and those similarly situated,<br>    Plaintiffs,<br>    v.<br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br>    Defendants. | No.: 03-CV-11566 (PBS) |
| STONINGTON PARTNERS, INC., a Delaware Corporation, STONINGTON CAPITAL APPRECIATION 1994 FUND L.P., a Delaware Partnership and STONINGTON HOLDINGS, L.L.C., a Delaware limited liability company,<br>    Plaintiffs,<br>    v.<br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br>    Defendants. | No.: 04-CV-10411 (PBS) |
| GARY B. FILLER and LAWRENCE PERLMAN, Trustees of the TRA Rights Trust,<br>    Plaintiffs,<br>    v.<br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br>    Defendants. | No.: 04-CV-10477 (PBS) |
| JANET BAKER and JAMES BAKER, JKBAKER LLC and JMBAKER LLC,<br>    Plaintiffs,<br>    v.<br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br>    Defendants. | No.: 04-CV-10501 (PBS) |

**REQUEST FOR INTERNATIONAL
JUDICIAL ASSISTANCE (LETTERS ROGATORY)**

**REQUESTING JUDICIAL AUTHORITY:**

United States District Court
District of Massachusetts
One Courthouse Way
Boston, Massachusetts 02210

**RECEIVING STATE:**

The appropriate Judicial Authority of the Kingdom of Belgium.

**PERSON TO WHOM THE EXECUTED REQUEST IS TO BE RETURNED:**

Clerk of the Court
United States District Court
District of Massachusetts
One Courthouse Way
Boston, Massachusetts 02210


The United States District Court for the District of Massachusetts, located at One Courthouse Way, Boston, Massachusetts 02110, presents its complements to the appropriate Judicial Authority of the Kingdom of Belgium, and requests international judicial assistance to cause the oral testimony of **René Avonts, Geert Dauwe, Eric De Gyns, Patrick Faict, Jan van Broeckhoven and Jan Van der Ven** within your jurisdiction for use as evidence in certain civil proceedings before this Court in the above-captioned matters, as more fully explained below.

It has been shown to this Court that justice cannot be completely done among the parties without the testimony by **René Avonts, Geert Dauwe, Eric De Gyns, Patrick Faict, Jan van Broeckhoven and Jan Van der Ven**.  The specific assistance requested is that the appropriate Judicial Authority of the Kingdom of Belgium compel the appearance of **René Avonts, Geert Dauwe, Eric De Gyns, Patrick Faict, Jan van Broeckhoven and Jan Van der Ven** to provide oral answers to the questions set forth below and to answer other follow up or related questions concerning their knowledge of, and participation in events relevant to this litigation, as detailed

2

below.  This Court further requests that you cause **René Avonts', Geert Dauwe's, Eric De Gyns', Patrick Faict's, Jan van Broeckhoven's and Jan Van der Ven's** testimony to be videotaped and reduced to writing and that you cause this Letter and the testimony, with all marked and attested exhibits, to be returned to us under cover duly sealed and addressed to the Clerk of the District Court for the District of Massachusetts, United States of America.  We stand ready and willing to do the same for you in a similar case when required.

    1.    <u>**Non-Party Witnesses From Whom Testimony Is Sought:**</u>

Upon information and belief, all non-party witnesses are Belgian nationals residing in Belgium.  The following is a list of the Non-Party Witnesses sought:

(a)  **René Avonts** was a former Executive Committee member of Banque Paribas Belgium ("Paribas"), Brussels; former Managing Director, Corporate Banking division at Paribas; former Executive Committee member, Artesia Banking Corporation ("Artesia"), Brussels; and former Managing Director, Corporate Banking Division at Artesia.  Mr. Avonts resides at Duivenstraat 74, 3052 Oud-Jeverlee (or Oud-Heverlee), Belgium.

(b)  **Geert Dauwe** was a former Adjunt-Directeur, directeur Regio Brussels Brabant, Paribas, Brussels; former Director, General Banking, Paribas, Brussels; former Executive Committee member, Paribas, Brussels; former Executive Committee member, Artesia, Brussels; and former member of the Board of Directors for Artesia.  Mr. Dauwe resides at Hadewijchlaan 22, 8500 Kortijk, Belgium.

(c)  **Eric De Gyns** was the former Directiekaderlid, Audit Department, Paribas, Brussels, where he also held the title Auditeur-General.  Mr. De Gyns resides at Rue Steenvelt 24/8 1180 Ukkel, Brussels, Belgium.

below.  This Court further requests that you cause **René Avonts', Geert Dauwe's, Eric De Gyns', Patrick Faict's, Jan van Broeckhoven's and Jan Van der Ven's** testimony to be videotaped and reduced to writing and that you cause this Letter and the testimony, with all marked and attested exhibits, to be returned to us under cover duly sealed and addressed to the Clerk of the District Court for the District of Massachusetts, United States of America.  We stand ready and willing to do the same for you in a similar case when required.

    1.    **Non-Party Witnesses From Whom Testimony Is Sought:**

Upon information and belief, all non-party witnesses are Belgian nationals residing in Belgium.  The following is a list of the Non-Party Witnesses sought:

(a)  **René Avonts** was a former Executive Committee member of Banque Paribas Belgium ("Paribas"), Brussels; former Managing Director, Corporate Banking division at Paribas; former Executive Committee member, Artesia Banking Corporation ("Artesia"), Brussels; and former Managing Director, Corporate Banking Division at Artesia.  Mr. Avonts resides at Duivenstraat 74, 3052 Oud-Jeverlee (or Oud-Heverlee), Belgium.

(b)  **Geert Dauwe** was a former Adjunt-Directeur, directeur Regio Brussels Brabant, Paribas, Brussels; former Director, General Banking, Paribas, Brussels; former Executive Committee member, Paribas, Brussels; former Executive Committee member, Artesia, Brussels; and former member of the Board of Directors for Artesia.  Mr. Dauwe resides at Hadewijchlaan 22, 8500 Kortijk, Belgium.

(c)  **Eric De Gyns** was the former Directiekaderlid, Audit Department, Paribas, Brussels, where he also held the title Auditeur-General.  Mr. De Gyns resides at Rue Steenvelt 24/8 1180 Ukkel, Brussels, Belgium.

(d)  **Patrick Faict** was a former Kaderlid, Stagiaireploeg, Paribas, Brussels; former Kaderlid, Gestructureede Kredieten, Paribas, Brussels; former Kaderlid, Gespecialiseerde, Corporate Banking Structured Finance, Paribas, Brussels; former Kaderlid, Corporate Banking Zetel World Trade Center, Paribas, Brussels; former Senior Corporate Banker, Zetel World Trade Center, Paribas, Brussels; former Kaderlid, Corporate Banking World Trade Center, Artesia Services, Brussels; and former Senior Corporate Banker, World Trade Center, Artesia Services.  Mr. Faict resides at Koninglaan 63, 8370 Blankenberge, Belgium;[1]

(e)  **Jan van Broeckhoven**, former member of the Board of Directors of Banque Paribas Belgium and manager of Banque Artesia Nederlands.  Mr. Van Broeckhoven resides at Reepkenslei 50, 2250 Kontich, Belgium; and

(f)  **Jan Van der Ven** was a former managing director of the Secretariat Specialized Activities/Credit Management at Paribas.  Mr. Van der Ven resides at Diepestraat 6, 2540 Hove, Belgium.

(Collectively, Messieurs Avonts, Dauwe, De Gyns, Faict, van Broeckhoven and Van der Ven are referred to as the "Non-Party Witnesses").

   **2.**   **Names and Addresses of the Parties and Their Representatives:**

A List of the Parties to this action, and their counsel, are attached hereto as Exhibit "A"

   **3.**   **Nature and Summary of Facts Underlying Proceeding:**

The pending action involves Plaintiffs' allegations that during the period of August 18, 1998 through and including November 8, 2000, Artesia Banking Corporation ("Artesia") violated the United States securities laws by participating in a fraudulent scheme designed to artificially inflate the price of the securities of Lernout & Hauspie Speech Products N.V. ("L&H"), formerly a Belgian speech recognition software company.  Defendant Dexia Bank Belgium acquired Artesia pursuant to

---

[1] Mr. Faict is believed to have previously resided at Alphonese Renardstraat 18/1 in B-1050 Elsene.

4

a merger dated April 1, 2002.  Specifically, Plaintiffs allege that Artesia participated with L&H's former senior executives, Messrs. Lernout, Hauspie and Willaert, to finance off-book language development companies ("LDCs") so that L&H could record revenue from these transactions in violation of generally accepted accounting principles ("GAAP") and Securities and Exchange Commission ("SEC") rules. Plaintiffs further allege that Messrs. Lernout, Hauspie and Willaert were precluded from signing personal guarantees for the loans Artesia was called upon to make to the sham LDCs, as their personal guarantees would prohibit L&H from recording the revenue in accordance with GAAP and SEC Rules.  As alleged, Artesia devised "credit default swaps" that were secretly signed by the officers so L&H could record the revenue and avoid the GAAP and SEC requirements.  Plaintiffs further allege that, at the same time, Artesia Securities, a securities analyst firm owned and controlled by Artesia, was issuing false and misleading analyst reports promoting L&H stock, while Artesia was selling shares of L&H securities to the unsuspecting public.

Specifically, each of the witnesses that Plaintiffs seek testimony from is alleged to have direct knowledge concerning several of the transactions at issue in the complaints filed by the plaintiffs in the above-captioned actions.

**René Avonts:**  While an executive and Board member of both Paribas and Artesia, Plaintiffs in the U.S. actions ("Plaintiffs") believe that Mr. Avonts was involved with the review and approval of loans made by the banks to Brussels Translation Group, Dictation Consortium, Lernout & Hauspie Investment Company, Language Investment Company, Radial, and at least one personal loan to an L&H principal.  Plaintiffs further believe that in his position as head of corporate banking of Artesia, Mr. Avonts was in charge of the securities investments transactions of Artesia, including transactions in L&H securities and L&H related entities.  Mr. Avonts also was the head of Artesia Securities and is alleged to have coordinated the efforts of Artesia

5

Securities' analysts with those of Artesia to assure that Artesia Securities did not take any position contrary to the Bank's interests. Mr. Avonts' testimony is sought on all of these topics.

**Geert Dauwe:** From 1998 until his departure in March 2002, Mr. Dauwe was a senior executive within the bank whose job responsibilities included managing one or more bank departments, developing client relationships and making decisions concerning a variety of business issues affecting the Bank. As evidenced in the accompanying proposed examination and exhibits, Plaintiffs allege that Mr. Dauwe had direct dealings with L&H and its officers on several loans and Mr. Dauwe was directly involved in every loan at issue in the U.S. litigations.

**Eric De Gyns:** As evidenced in the accompanying proposed examination and exhibits, while at Artesia, Mr. De Gyns was responsible for the compliance and audit department(s) at Artesia at all relevant times. In this role, Mr. De Gyns conducted or oversaw a series of audits of Artesia's business practices related to the very L&H-related loans at issue in the complaints. Mr. De Gyns' testimony is therefore sought on the audits he was involved with, his knowledge of the Artesia's dealings with L&H, as well as the role of his department at the time in question.

**Patrick Faict**: From 1998 to his departure in April 2000, Mr. Faict was a corporate banker whose job responsibilities included the commercial analysis of credit files and drafting of credit proposals. As evidenced in the accompanying proposed examination and exhibits, Mr. Faict's testimony is sought concerning his involvement in the Dictation Consortium, Brussels Translation Group, and Radial loans at issue in the complaints.

**Jan van Broeckhoven**: From at least 1996 to May 1998, Mr. Broeckhoven was a member of the Board of Directors of Banque Paribas Belgium. From May 1998 until his retirement, Mr. Broeckhoven served as a manager of Banque Artesia Nederlands. As evidenced in the accompanying proposed examination and exhibits, Mr. van Broeckhoven's testimony is sought

6

concerning his involvement in the Dictation Consortium, Brussels Translation Group, and Bastiaens loans at issue in the complaint.

**Jan Van der Ven:**  Plaintiffs believe that while at Paribas, Mr. Van der Ven was responsible for reviewing credit files and making decisions on credit applications, including several of the loans at issue in the complaints, namely the Brussels Translation Group loan, the Radial loan and the Language Investment Company loan.  As evidenced in the accompanying proposed examination and exhibits, Mr. Van der Ven was directly involved in the proposal to utilize the credit default swap mechanism to conceal the personal guarantees provided by Messieurs Lernout, Hauspie and Willaert related to the Radial and Language Investment Company loans.  Mr. Van der Ven's testimony is sought concerning these topics.

        **4.**        **Evidence To Be Obtained Or Other Judicial Acts To Be Performed:**

This letter requests oral testimony under oath of the persons listed in Item 1, above, for use as evidence in the above referenced actions. The testimony sought from the Non-Party Witnesses is not available from any source within the jurisdiction of this Court and cannot be obtained by any means other than an order by the appropriate judicial authority of the Kingdom of Belgium compelling the witnesses to appear for examination.  Due to the significant role each of the witnesses played in the events underlying these actions, it is expected that each witness will provide testimony that will be important in determining material issues of fact at trial.  The testimony sought constitutes necessary, relevant, and material evidence that will be used at trial to support the allegations made by the Plaintiffs and to argue against the defenses pleaded by the Defendant.  The testimony sought by the Non-Party Witnesses is required because they possess first-hand knowledge of the details of Artesia's actions.  Their testimony will bear directly upon Plaintiffs' claims against Defendant in the action pending before this Court.

A list of questions to be put to the Non-Party Witnesses is attached hereto as follows:

    Exhibit B – Proposed Examination of René Avonts

    Exhibit C – Proposed Examination of Geert Dauwe

    Exhibit D – Proposed Examination of Eric De Gyns

    Exhibit E – Proposed Examination of Patrick Faict

    Exhibit F – Proposed Examination of Jan van Broeckhoven

    Exhibit G – Proposed Examination of Jan Van der Ven

**5.** **Evidence To Be Given On Oath Or Affirmation:**

The witness should be sworn before evidence is taken. If local law does not permit the use of oath or affirmation, then the evidence should be taken in the normal manner permitted by local law.

**6.** **Procedures for Examination:**

It is requested that the examination be recorded by video and stenographic means, and continue from day to day until completed. Plaintiffs' counsel are available to arrange for all necessary court reporters and videographers.

**7.** **Request For Notification:**

It is requested that all counsel for the parties listed on Exhibit "A" be given notification of the execution of this Request.

**8.** **Request For Participation Of Counsel:**

It is requested that counsel for Plaintiffs be permitted to attend and participate in the questioning of Messieurs **René Avonts, Geert Dauwe, Eric De Gyns, Patrick Faict, Jan van Broeckhoven and Jan Van der Ven** at the execution of this Request.

**9.     Requested Application of Belgium Counsel:**

It is requested that the application of the law firm Marx, Van Ranst, Vermeersch & Partners at Tervurenlaan 270, 1150 Brussels, Belgium be permitted for the establishment of proceedings related to this request and to compel **René Avonts, Geert Dauwe, Eric De Gyns, Patrick Faict, Jan van Broeckhoven and Jan Van der Ven** to give testimony.

**10.    Reimbursement of Costs:**

All fees and costs incurred by the Kingdom of Belgium in connection with this matter will be borne by **Reed Smith LLP, 2500 One Liberty Place, 1650 Market Street, Philadelphia, PA 10103-4301**.  The United States District Court for the District of Massachusetts is prepared to enforce all rights of the Kingdom of Belgium with respect to such requested reimbursement.

**11.    Confidentiality Request:**

Exhibits B through G to this request have been filed *under seal* in the United States because they discuss and attach documents that have been deemed "Confidential Information" pursuant to the terms of a confidentiality order entered in the U.S. litigations.  This Court hereby requests that the Kingdom of Belgium maintain the confidentiality of these exhibits and attachments, limiting the disclosure of these documents to only the necessary personnel within the Belgian government, the Non-Party Witnesses, counsel listed in Exhibit A hereto, and any other persons necessary to effectuate or record the proposed examinations.

The United States District Court for the District of Massachusetts extends its assurances of highest regard and consideration to the Kingdom of Belgium and is ready and willing to provide similar assistance to the Kingdom of Belgium when requested.

This Request for International Judicial Assistance is signed and sealed by Order of the Court made on:

Dated: _____
      Boston, Massachusetts

                                        _____
                                        Honorable Patti B. Saris
                                        United States District Court Judge
                                        for the District of Massachusetts
                                        One Courthouse Way
                                        Boston, MA 02210